## Bradstreet *vs.* Schuyler and others. (*a*)

To a bill filed by a *cestui que trust* against the trustees and the other *cestuis que trust*, for the purpose of obtaining a conveyance of the complainant's share of the legal title to real estate, alleged to be in the trustees, and for a partition of the premises, two of the defendants pleaded that neither the complainant nor the trustees in whom the legal title was vested, were, nor was either of them, in possession of the premises at the time of the commencement of the suit; without denying the allegation in the bill that the trustees held the legal title as trustees for the complainant and the other *cestuis que trust* in different undivided proportions; *Held* that the complainant was entitled to a decree establishing the alleged trust, and directing the conveyance of the complainant's share of the legal estate to him whenever the trustees could legally make such conveyance; notwithstanding the whole premises were, at the time, held adversely to both parties.

THIS was an appeal by the defendants Bleeker, Dudley and Miller, from a decretal order of the vice chancellor of the third circuit overruling the plea of the appellants.

*J. F. Seymour*, for the appellants.

*L. H. Palmer*, for the respondent.

THE CHANCELLOR. The object of the bill in this cause appears to be not only to obtain a conveyance of the complainant's share of the legal title to the premises, which is alleged to be in the heirs of Schuyler as trustees, but also to have a partition of the premises between the complainant and the other *cestuis que trust*. The plea is that neither the complainant, nor the heirs of Schuyler in whom the legal title was vested, were, nor was either of them, in possession of the premises at the time of the commencement of this suit. That does not exclude the idea that the *cestuis que trust*, of the heirs of Schuyler, who have put in this plea, are in possession. The question therefore does not arise whether partition can be made of premises between the parties who are entitled to the same

as *cestuis que trust*, where the premises are held adversely both to the trustee and to the *cestuis que trust*. If the appellants wish to raise that question upon the hearing they will be at liberty to set up the facts in their answer.

Here the plea does not deny the allegation in the bill that the heirs of Schuyler hold the legal title as trustees for the complainant, and for the appellants, &c. as *cestuis que trust*, in different undivided proportions. This is sufficient to entitle the complainant to a decree establishing the alleged trust, and directing the conveyance of the $\frac{1}{16}$ of the legal estate to the complainant whenever the trustees can legally make such conveyance; even if the whole premises are now held adversely to both. And the appellants being a part of the *cestuis que trust* are proper parties to the bill to obtain that relief.

The complainant may also be entitled to partition, as between her and the other parties who have equitable interests in the land, if the premises are in a situation to be partitioned. The plea certainly does not cover the first part of the relief to which the complainant is entitled, even if it is an answer to the claim for partition. It could not therefore be properly pleaded as a defence to the whole bill, and was properly overruled. Allowing it to stand for an answer, as requested by the appellants, would not have benefited them, but might have deprived them of the right of setting up any other defence by answer. The plea was therefore properly overruled; and the order appealed from must be affirmed with costs. The proceedings are to be remitted to the vice chancellor; and the defendants are to have the same time to answer after service of the order of affirmance as they had at the time of entering their appeal; with liberty to apply to the vice chancellor to extend that time upon due notice of the application to the adverse party.