[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 428 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 429 
This is an action for the partition of lands in the city of Rochester of which Charles Mulford died seized. The plaintiff, a daughter of the deceased owner, claims to be entitled as an heir at law. The defendants are Mrs. Mulford the widow, Mrs. Wright another daughter of the deceased owner, and the executor and executrix named in his will, and certain tenants in possession of parts of the premises sought to be partitioned. The title of the plaintiff is controverted by the defendants, who set up the will of the former owner and insist that the premises and the whole estate therein are effectually devised in and by such will to persons other than the plaintiff, and that she has no estate therein as heir at law, and no estate or interest in the premises except a contingent beneficial interest in the rents and profits for her life, after the death of her mother, Mrs. Mulford. The plaintiff claims in hostility to the will, and alleges the invalidity of the disposition attempted to be made of his property by the testator. Although in form an action of partition it is really a suit to determine and settle the title to the realty mentioned in the pleadings. This form of action is at least a doubtful procedure for the trial of adverse or hostile claims to real property. The title of the parties should be first established by the proper action before proceedings taken for a partition. There should be a tenancy in common, and an actual or constructive possession by the plaintiffs. (2 R.S., 317;Brownell v. Brownell, 19 Wend., 367; O'Dougherty v.Aldrich, 5 Den., 385; Striker v. Mott, 2 Paige, 387;Bradstreet v. Schuyler, 3 Barb. Ch., 608.) An action for partition cannot be made a *Page 431 
substitute for an action of ejectment, or other action to establish the legal title of adverse claimants to real property. But as the parties have proceeded thus far in the litigation without objection to the form of the remedy, the merits of the controversy will be considered so far as may be necessary to determine whether the devise to, and the provision for the wife of the testator, under the third and fourth paragraphs of the will, are valid.
If the provision made for Mrs. Mulford is inseparably connected with and dependent upon the other dispositions of the will especially the devise to the daughters and their children as a part of a general scheme for the disposal of the property of the testator, and the whole estate therein, the case is directly within Knox v. Jones (47 N.Y., 389), and the entire devise void, and the plaintiff is well entitled as heir at law to an equal moiety of the estate of the deceased as tenant in common with her sister, subject to the dower right of her mother in the realty, and her rights to share in the personalty. The absolute ownership of the personalty and the power of alienation of the realty would be suspended for a longer period than two lives in being at the death of the testator. (1 R.S., 723, § 15; id., 773, § 1.) If however the devise to Mrs. Mulford of the rents and profits for her life is independent of the other and subsequent disposals of the estate in controversy, that is of the devise of the rents and profits of the same property to the daughters for their lives after the death of Mrs. Mulford, and the devise over of the estate upon their death, the action of the plaintiff must necessarily fail. She would have in that event no present right of action for a partition of the realty, whatever her rights might be upon the termination of the life estate of her mother. It matters not so far as the plaintiff's present right to a partition is concerned whether the legal estate for the life of Mrs. Mulford is in her under the enactment (1 R.S., 727, § 2) declaring that every person entitled to the possession of lands and the receipt of the rents and profits thereof shall be deemed to have a legal estate therein of the same quality and direction, and subject to the *Page 432 
same conditions as his beneficial interest, or in a trustee under a general trust to receive and pay over to her the rents and profits during her life. In either event the plaintiff would be barred of her action for a partition. If the estate was vested under the will in a trustee upon several independent trusts, some of which are legal while others are in contravention of the statute regulating uses and trusts, or the statutes against perpetuities, the estate of the trustee will be upheld to the extent necessary to enable him to execute the valid trusts, and will only be void as to the illegal or invalid trusts. (Parks
v. Parks, 9 Paige, 107; Oxley v. Lane, 35 N.Y., 340;Harrison v. Harrison, 36 id., 543; Schettler v. Smith,
41 id., 328.) It was not intended to question this doctrine inKnox v. Jones (supra). On the contrary it was reaffirmed and Manice v. Manice (43 N.Y., 303), cited to the rule that a void trust which is separable from other valid trusts may be cut off when the trust thus defeated is independent of the other dispositions of the will and subordinate to them, and not an essential part to the general scheme; which was merely a statement in another form of the general proposition, that valid and void trusts when independent of each other may be separated, and the one rejected and the other sustained. (Parks v.Parks, 9 Paige, 107.) In Knox v. Jones there was not only the feature of a single trust, but as was held that trust was for one general purpose, viz., to provide for the brother and sisters of the testator from the income of his estate during their lives, and the life of the survivor, and no evidence of an intent of the testator could be discerned within the four corners of the will to provide for the brother to whom the first life estate in the income was given independent of and disconnected with the subsequent provision for his sisters, and the devise over on their death. The entire trust for the brother and sisters, together with the ultimate devise over of the estate after of the death of all was included in a single paragraph (the third) of the will, and constituted but a single disposition of the residue of the estate not before in the same will disposed of. This case is distinguishable *Page 433 
from that of Knox v. Jones, and the testator in the case before us had two distinct and independent objects in view in the disposition he made of his estate. The first and primary object indicated in the third and fourth paragraphs of the will, distinct in character from the ultimate disposal of his estate provided for in separate and independent clauses of the will, was to provide for the support of his wife during her life from the income of the estate primarily, but devoting his whole estate to that purpose should it become necessary. This particular intent of the testator should be carried out so far as it is not inconsistent with the general intent as expressed in the will. The intention of the testator to give to his wife a beneficial interest in all the income of his estate subject to certain contingent charges thereon during her life, is perfectly apparent. The contingent charges in favor of the daughters do not interfere with this particular intent or connect this specific provision for the wife with the ultimate disposal of the estate for the benefit of the daughters and their issue. They operate merely to limit the beneficial interest of the wife and have no effect beyond her life or upon the general and ultimate disposition of the estate by the fifth clause of the will. In the latter clause of the will, the testator devises his whole estate, after the death of the wife, to his daughters and their issue, limiting the interests of the daughters to the income, and giving the body of the estate upon their death to their issue under specified restrictions and limitations. As the devise over to the issue is not to take effect until after the death of the wife and the daughters, it is void as a restraint upon the power of alienation for a time exceeding two lives in being at the death of the testator. That question is not properly before us upon this appeal. It is enough that the testator has given to his wife the rents and income of his estate during her life, and that this gift is separate from and independent of the objectionable devises under the fifth paragraph of the will, and that the plaintiff is not entitled at this time to claim as heir at law, either the possession of the property or the income of the estate. Parks v. Parks (supra) *Page 434 
affirmed in error December, 1842, is in principle decisive of this appeal, and was followed in Leggett v. Perkins (2 Comst., 297), although Judge BRONSON doubted its authority.
The judgment must be reversed, and as the right of the plaintiff rests entirely upon the construction of the will of Mr. Mulford, and a new trial cannot change the rights of the parties, the complaint must be dismissed with costs.
All concur, CHURCH, Ch. J., not sitting.
Judgment reversed, and judgment accordingly.