SIMPSON v. ENGLISH, appellant.

*Accumulations — what unlawful — Suspension of power of alienation — Void provision of will — legacies not chargeable on real estate thereby.*

A testator by the ninth clause of his will directed thus: " I further bequeath to my children, after paying all the above legacies and my just debts, all interest that may accrue on the balance of my estate to be divided between them at the age of forty years to hold for their natural lives, and then to be divided between their heirs." The testator left three children, which at his decease were under age. *Held,* (1) that the provision to accumulate was void beyond the minority of the children, respectively, under 1 R. S. 726, §§ 37, 38, and (2) that the provision was wholly void under 1 R. S. 723, §§ 13, 14, 15, as suspending alienation of estate more than two lives, and under 1 R. S. 773, § 1, as suspending for the same period absolute ownership of such estate if personal.

*Held,* also, that this provision being void, the legacies therein mentioned could not thereunder be made a charge upon the real estate.

APPEAL by defendants, Charles N. English, Libbie J. Hibben and Willie English by their guardian *ad litem* from a judgment of the special term. The action was brought in Orleans county by Enos T. Simpson and Nathan English, executors of the last will and testament of Myron J. English, deceased, against Esther English, the widow of testator, the defendants first above named, his children and others, to obtain a construction of the will in question. The opinion fully states the only material point passed upon.

*Charles A. Keeler* and *H. R. Selden,* for appellants.

*Holmes, Thompson & Spencer,* for respondents.

E. DARWIN SMITH, J. The cardinal rule in the construction of wills is to seek the intention of the testator and give effect to such intention if not inconsistent with the rules of law. *Park* v. *Park,* 9 Paige, 117. The difficulty and doubt in respect to the will of the testator in this case relates to the section or provision of said will numbered therein as "ninthly," which is as follows: "I further bequeath to my children, after paying all the above legacies, and my just debts, all interest that may accrue on the balance of my estate, to be divided between them at the age of forty years, to hold their natural lives and then to be divided between their heirs." The testator left three children, which at his decease were under age, all of whom appear and answer in this action by guardian *ad litem,* by answer dated May 3, 1873. The learned judge who tried this cause at special term, held that all the residuary estate and interest remaining after paying debts, annuities, legacies and bequests referred to in said ninth clause of the will, vested in the testator's said three children upon his death, as tenants in common, each having an undivided third part thereof for his or her natural life and no more, with remainders over to the heirs at law of such children respectively. If this be so, and these children took any present estate under said will, it was subject to a power in trust in the executors to control the property and receive the rents and profits thereof, and to accumulate the same till the said children should arrive at the age of forty years, when the amount or balance of such accumulation was to be divided between them, and they were thereafter to receive such income during their natural lives, and upon their decease the remainder was to go to their heirs, and was

to be divided between them. This was the clear intent of this provision of the will. This provision for the accumulation of the income of such estate was clearly void beyond the minority of said children respectively under the provisions of sections 37 and 38 of article 1, title 2, chapter 1, part 2 of the Revised Statutes (1 R. S. 726).

This provision for the accumulation of the income of the estate might be held void after the said children respectively arrived at their majority, and effect given to the residue of the will, except that the suspension of the power of alienation of said estate would then be for more than two lives in being at the time of the creation of such estate, which would make this clause of the will void within the provisions of sections 13, 14, 15, article 1, of said title and chapter (1 R. S. 723), and the absolute ownership of such estate, if personal, within section 1, title 4, chapter 4 of part 2 of said statutes (1 R. S. 773). This provision of the will was, therefore, clearly void, and must be so declared, and the judgment at special term so far as it holds otherwise should be reversed. *Knox* v. *Jones*, 47 N. Y. 390.

Regarding this residuary clause of the will as void, there is nothing upon the will to charge upon the real estate embraced in such residuary clause the payment of the legacies contained therein. The personal estate is the proper fund for the payment of debts and legacies. *Myers* v. *Eddy*, 47 Barb. 263 ; *Lupton* v. *Lupton*, 2 Johns. Ch. 614. And no power can be implied in the executor to sell the real estate. *Vide Matter of will of Fox*, 52 N. Y. 530. The judgment of the special term should, therefore, be modified in conformity with these views.

*Ordered accordingly.*