MARTHA L. SANFORD, Appellant, *v.* AMELIA B. GOODELL and Others, Respondents and C. RALPH SANFORD, by ERASMUS J. SANFORD, his Guardian ad Litem, Appellant.

*Devise of real estate — suspension of the power of alienation — when a complaint in an action of partition will be dismissed under rule 65 — when an entire will is vitiated by an invalid provision — an action to declare a devise invalid and to partition the real estate devised.*

Under the provisions of the Revised Statutes, if the condition or limitation appurtenant to a devise of real estate contained in a will is such that it may, by any possibility, limit the power of alienation or suspend it for a period of more than two lives in being at the time of the creation of the estate, the grant of the estate sought to be limited is wholly inoperative and void.

A devise of the use of land to the testator's three daughters for their lives, and to the survivor of them and after their deaths in fee to another, in case he survived them, but in case of his death before that of the last survivor of the testator's three daughters, then in fee to such last survivor, is void, as being in violation of the statute in restraint of alienation.

Where the plaintiff in an action of partition fails to embrace in his action all the lands held by the parties in common, the complaint will be dismissed under the provisions of rule 65 of the General Rules of Practice.

When, by declaring one provision of a will void, the whole scheme thereof is broken up, so that no part of it can be carried out without a clear violation of the scheme and intention of the testator, the whole will is tainted and vitiated; but when the testator has in his will made independent devises or bequests, in no way connected with or dependent upon the void or ineffectual provisions, the court will not declare such independent provisions void, the policy of the law being to uphold and not defeat a testamentary disposition of property if it can be done without violating settled principles of law.

An action was brought on the theory that certain land, devised under the provisions of a testator's will, did not pass to the devisees therein named, and that such clause of the will was void on the ground that it suspended the power of alienation of real estate for a period of more than two lives in being, the relief asked being that such clause be adjudged void, and that it be adjudged that, as to such real estate the testator died intestate, and that the same be partitioned in such action.

*Held,* that where no objection was made in behalf of the defendants, on the ground of a misjoinder of causes of action, the action might be tried in the form in which it was brought by the plaintiff.

HERRICK, J., dissenting.

APPEAL by the plaintiff, Martha L. Sanford, and by the defendant, C. Ralph Sanford, by Erasmus J. Sanford, his guardian

*ad litem,* from a judgment of the Supreme Court in favor of the defendants, Amelia B. Goodell and others, entered in the office of the clerk of the county of St. Lawrence on the 18th day of April, 1894, upon the decision of the court, rendered after a trial at the St. Lawrence Special Term, dismissing the plaintiff's complaint upon the merits.

*Charles A. Kellogg,* for the plaintiff, appellant.

*George B. Stacy,* for guardian *ad litem* of defendant C. Ralph Sanford, appellant.

*Charles O. Tappan,* for the respondents.

MAYHAM, P. J.:

Joel Goodell died intestate, leaving him surviving Martha L. Sanford and Amelia B., Eliza M. and Mary E. Goodell, being all of his children and heirs at law.

In and by the first clause of his will he devised eighty and one-half acres of land to his daughter Martha L. Sanford, "for and during the term of her natural life, and at her death the same shall be the property of her heirs, who would take the same by the statute of descent."

By the second clause of his will he devised "All the rest, residue and remainder of my real estate which I may own at the time of my death, excepting the starch factory lot (should I die seized of the same), I give, devise and bequeath unto my daughters Amelia B., Eliza M. and Mary E. Goodell, to have and enjoy the same as long as they or the survivor or survivors of them shall live, and at the decease of the said Amelia B., Eliza M. and Mary E., the balance of such real estate not above devised or excepted shall be the property of Ernest Danforth, now making his home with C. A. Sanford, but in case of his death, prior to the decease of all the three persons, daughters mentioned in this provision, the survivors or survivor of them shall have full title to such real estate."

By the third clause in his will the testator directed the payment of his debts and funeral expenses out of his personal estate, and bequeathed the surplus of the same, if any, to Ernest Danforth and his three daughters Amelia B., Eliza M. and Mary E. Goodell, or to the survivors of them at the time of his death.

By the fourth clause he empowered his executors to sell all of his real estate except the eighty and one-half acres devised to the plaintiff, the home farm and fifty acres pasture lot.

By the fifth clause he nominated and appointed executors of his will. The will was duly admitted to probate by the proper surrogate, and the case shows that the personal estate of the testator was sufficient to pay his debts and funeral expenses.

After testator's death this plaintiff gave birth to a son, C. Ralph Sanford, who was made defendant, and for whom a guardian *ad litem* was duly appointed, and appeared in the action.

The action is prosecuted on the theory that the land devised under the provisions of the second subdivision of the will of the testator did not pass to the devisees therein named, and that that clause or provision of the will was and is void on the ground that it suspended alienation for a period of more than two lives in being. The relief asked is that the second clause in the will be adjudged void, and that as to the real estate of the testator covered by the provisions of that clause, the testator died intestate, and that the same be partitioned in this action between the plaintiff and her three sisters named as defendants herein.

If the question of the validity of the second clause of this will is properly before this court for adjudication in this action, which we shall discuss later, we see little difficulty in disposing of that question.

*First.* Because the parties to this controversy substantially agree upon that question; and, *secondly,* because the question is one of easy solution under the well-settled law of this State.

By 3 Revised Statutes (Birdseye ed. 2527, § 82) it is enacted as follows: "The absolute power of alienation shall not be suspended by any limitation or condition whatever for a longer period than during the continuance of not more than two lives in being at the creation of the estate, except in the single case mentioned in the next section." The next section prohibits the suspension of alienation beyond the period of two lives in being. Under that section it has uniformly been held that if the condition or limitation is such that it may by any possibility limit the power of alienation or suspend it for a period of more than two lives in being at the time of the creation of the estate, the grant of the estate sought to be limited is wholly inoperative and void. Such is the

doctrine of an unbroken series of scores of decisions in this State from *Coster* v. *Lorillard* (14 Wend. 265) to *Lee* v. *Tower* (124 N. Y. 370), and this doctrine is held by the learned justice who tried this case.

The second subdivision of this will devising the home farm and pasture lot clearly comes within the condemnation of this rule.

The devise of the use of the land was to testator's three daughters for their lives then in being and to the survivor of them, and after their death in fee to Ernest Danforth in case he survived them, but in case of his death before the last survivor of the three daughters, then in fee to such last survivor. A more clear and palpable violation of the law in restraint of alienation could not well be devised. It is clear that, as this second clause in the testator's will was void, the testator died intestate as to the property attempted to be devised under and by virtue of that clause, and it is contended by the respondents that, as that clause related to the largest part of the testator's real estate, it so far affected the whole scheme of the will as to render it void, and that the testator, therefore, died intestate as to his whole estate, and the trial court so held.

If this contention is sound then the entire real estate of which the testator died seized descended at once to his four daughters, and the eighty and one-half acres devised to the plaintiff for life, as well as the homestead farm and fifty acres of pasture land, would be the subject of partition, and by rule 65 of the General Rules of Practice in this court, as the plaintiff failed to embrace in this action all of the lands held by the parties in common, the complaint was properly dismissed.

But before that conclusion can be reached it must be determined that the illegal suspension in the second clause of the will vitiated the whole will, and that the testator died intestate as to the whole of his estate.

The rule upon that subject seems to be that when by declaring one provision of a will void, the whole scheme of the testator in his will is broken up, so that no part of the same can be carried out without a clear violation of the scheme and intention of the testator, the whole will is tainted and vitiated. (*McSorley* v. *Wilson,* 4 Sandf. Ch. 549–559; *Coster* v. *Lorillard,* 14 Wend. 265; *Hawley* v.

*James*, 16 Wend. 61; *Van Beuren* v. *Dash*, 30 N. Y. 426; *Harris* v. *Clark*, 7 id. 242.)

But the converse of that proposition seems equally true, that when the testator has in his will made independent devises or bequests, in no way connected with or dependent upon the void or ineffectual provisions, the court will not declare such independent provisions void, the policy of the courts being to uphold and not defeat testamentary disposition of property, if it can be done without violating settled principles of law.

In *Oxley* v. *Lane* (35 N. Y. 349) the court say : "It is a settled rule of construction that if effect cannot consistently with the rules of law be given to the entire will, or an entire provision in a will, any part of it may be sustained which is conformable to the rules of law and which can be separated from the residue without doing violence to the testator's general intentien," citing in support of that doctrine *Kane* v. *Gott* (24 Wend. 644–646). (*Parks* v. *Parks*, 9 Paige, 107–117; *DeKay* v. *Irving*, 5 Den. 646; *Lang* v. *Ropke*, 5 Sandf. 363–371; *Williams* v. *Williams*, 4 Seld. 535–539; *Savage* v. *Burnham*, 17 N. Y. 561–572.)

These authorities seem to carry out the doctrine there enunciated. In *Kennedy* v. *Hoy* (105 N. Y. 137) it was determined that some of the trusts created by the will of Ella Nora Hoy were void, and it was urged that such void trusts vitiated all the trusts created by the will. EARL, J., in writing the opinion of the court, uses this language : " That is a separate trust created by a separate paragraph in the will, is complete in itself, and is not connected with the trust intended to take effect after his death, and can be permitted to stand alone." The learned judge, after referring to a class of trusts created in a will which are so connected as to be dependent upon each other, so that one cannot be defeated without breaking up the entire testamentary scheme of the testator and vitiating the whole will, proceeds : " But when several trusts are created and they are independent of each other, each trust complete in itself, and the legal can be separated from the illegal, and upheld without doing injustice or defeating what the testator might in the emergency be presumed to wish, the illegal trust may be cut off and the legal permitted to stand, and thus the intention of the testator be effectuated so far as the law will permit."

In *Van Schuyver* v. *Mulford* (59 N. Y. 426) the testator, by an independent devise, gave to his wife the use of his estate for her life, and charged the *corpus* of the estate with the payment of any deficiency of the income for her support. In a separate devise he gave the remainder of the income of his estate to his two daughters for their lives, and the remainder in fee to the issue of his daughters. In that case the court held the clause of the will for the benefit of the wife valid, and set aside the devise to the daughters as void for illegal suspension of alienation. Applying the principles settled in the cases to which we have referred to the case at bar, it would seem to follow that the first and third clauses of this will can be upheld, while the second clause is void and inoperative.

The first clause devises the use of the eighty and one-half acres to the plaintiff for life, and the remainder to her heirs; that remainder vested in her child at its birth, and from that time became a vested remainder in fee in C. Ralph Sanford. Thus, under the operation of this will, the property devised to the plaintiff was carved out of the bulk of the estate, leaving the balance of the testator's estate in no way affected by it.

The property embraced in or affected by the second clause of the will was in no way affected by the disposition of that embraced in the first. If the second clause had been valid it could have been carried into effect without regard to the provisions of the first.

The same may be said of the third clause of the will, which was an independent provision giving the remainder of testator's personal property, after the payment of debts and funeral expenses, to his three unmarried daughters. Within the authorities, can these independent provisions of this will be stricken down and the beneficiaries under them deprived of the property conferred upon them because the second provision of the will fails and turns into an estate in fee in these defendants three-fourths of the real estate in which, under the will, they were only tenants for life?

Such a construction would nullify four independent paragraphs, each dealing with independent subjects in no way directly connected with the second paragraph, which is illegal because of the illegality of that paragraph.

It is quite apparent from this will that the testator instead of attempting to make an equal division of his property, sought to dis-

pose of it in items ; no argument can, therefore, be drawn from any supposed inequality resulting from the failure of the second paragraph in this will. The right of the plaintiff to a life estate in the eighty and one-half acres, with remainder over to her children, was fixed by an independent provision of the will. The rights of the defendants were also fixed by the will to the surplus of the personal estate.

As to the home farm and fifty acres pasture lot, the testator died intestate, and, so far as its legal effect goes, the same as if the testator had omitted it from his will. As we have said, it is the duty of the court to uphold so much of the will as is legal. (*Henderson* v. *Henderson*, 113 N. Y. 1–15.) If we had reached a conclusion that the whole will was void by reason of the invalidity of the second clause, so that the eighty and one-half acres had fallen into the bulk of the real estate to have descended to the heirs at law of the testator, then we should agree with the trial judge that this action was not properly brought, as in that event it would not partition all the real estate of the parties owned in common. As no objection was made by the defendant under the pleadings, on the ground of a misjoinder of causes of action, we see no objection to trying the action in the form in which the plaintiff has seen fit to bring and prosecute the same.

We think the trial court erred in dismissing the complaint.

The judgment must be reversed and a new trial ordered, costs to abide the event.

HERRICK, J., dissented.

PUTNAM, J. :

Assuming that the second clause of the will of Joel Goodell, deceased, was void as suspending the absolute power of alienation for over two lives in being, as both the plaintiff and defendants claim, I concur in the result reached in the foregoing opinion.

Judgment reversed, new trial ordered, costs to abide the event.