(64 App. Div. 264.)

### LYONS v. SHANNAHAN et al.

(Supreme Court, Appellate Division, Second Department. October 4, 1901.)

DEVISE TO WIFE—INCOME—DEVISEE'S SUPPORT—RIGHT TO SELL CORPUS—NECESSITY OF SALE.

> In partition between children, defendants claimed to be tenants in common with plaintiff in other property. The income of both properties had been devised by the father for the support of his wife for life, with power given his executors to sell the corpus of the estate if necessary for her support. The wife only qualified as executrix, and sold the second property to plaintiff. It appeared that the father left a milk route, which the wife and children continued to operate; the wife also receiving the rents of the property in suit. Mortgages amounting to $6,500 were paid off, and a $1,000 monument erected to the memory of the deceased. *Held*, that the evidence was insufficient to show a necessity for the sale by the executrix of the other property.

Appeal from special term, Westchester county.

Action by Michael J. Lyons against Agnes Shannahan and others. From an interlocutory judgment directing a judgment in favor of plaintiff, defendants appeal. Reversed.

Argued before GOODRICH, P. J., and WOODWARD, HIRSCHBERG, JENKS, and SEWELL, JJ.

Arthur J. Burns, for appellants.
F. X. Donoghue, for respondent.

GOODRICH, P. J. The action is for the partition of premises numbered 44 and 46 St. Mary's street, Yonkers. The plaintiff and the defendants Agnes, Kate, and Annie are children of Dennis Lyons. The complaint contained the usual allegation "that the parties to this action own no other real property as tenants in common." The defendant daughters denied this allegation, and the appeal raises the question whether the children of Dennis owned as tenants in common the premises numbered 435 South Broadway. This fact is material as bearing upon the propriety of partition, or of a sale to effect distribution. Dennis Lyons, the father, had been the owner of

both properties. He died in 1890, leaving a last will, which contained the following provision:

"Second. I give and devise all the rest, residue, and remainder of all my real and personal estate to my wife, Catherine, to be used and enjoyed by her during the term of her natural life; and, should the income of my said estate be insufficient for the proper maintenance and support of my said wife, then in such case so much of the principal thereof as may be necessary shall be used and applied to such support and maintenance. And from and immediately after the decease of my said wife I give and devise the said residue and remainder of my real and personal estate to my children her surviving, to be divided equally among them, share and share alike."

The will, in a subsequent clause, devised the real property to the executors "in trust for the payment of my just debts and the legacies above specified, with power to sell and dispose of the same at public or private sale at such times and upon such terms and in such manner as to them shall seem meet." Catherine, the widow, was the only executrix who qualified. In 1894 the executrix conveyed the South Broadway property to the plaintiff, the consideration named therein being one dollar and other lawful considerations. She died in 1899. The daughters allege that the deed to the plaintiff was obtained by fraud and undue influence, and was without consideration, and that the executrix had no power to make such deed; and they ask that it be set aside, and that both pieces of property be partitioned between the children as tenants in common. There was also a counterclaim for the plaintiff's use and occupation of the South Broadway property. The action was tried before a jury in February, 1901, and the court directed a verdict for the plaintiff. In March, at special term, an interlocutory judgment of partition and sale was entered, and the defendant children appeal. The judgment contained a reciting clause,—"and the allegations and evidence of the parties having been heard, and the court having thereupon directed judgment on the pleadings." It also contained the decision "that the parties to this action do not own any other real property in this state as tenants in common."

The question at the threshold of our inquiry is as to the power of the executrix to convey the South Broadway property to the plaintiff. The will devised all the real property to the executors "in trust for the payment of my just debts and the legacies above specified," and gave them full power to sell "in such manner as to them shall seem meet." The only legacy mentioned in the will is that to his wife, and it is provided that, if the income of the estate is insufficient for her support, any necessary part of the principal should be applied thereto. It can hardly be questioned that the executrix is the primary authority to decide whether the sale of any part of the real estate is necessary for the purpose of her support, but this is subject, of course, to judicial investigation.

In Re Grant (Sup.) 16 N. Y. Supp. 716, the court was considering a will which gave the widow the right to possess and enjoy the rents and property of the entire estate during her natural life, and provided that, if the use and profits were not sufficient for her support, a sale thereof might be made for her support, the remainder over, after

the decease of the wife, to the children; the wife being one of the executors of the will. The court said (page 716):

"Who but the widow is to determine how much she may need for her support? And, if she is to decide, she must necessarily have possession of the corpus of the estate. Smith v. Van Os̓ ҆nd, 64 N. Y. 278; Flanagan v. Flanagan, 8 Abb. N. C. 413; In re Woods, 35 Hun, 60; Thomas v. Wolford (Sup.) 1 N. Y. Supp. 610."

In Smith v. Van Ostrand, supra, which related to a will containing provisions somewhat similar to those in the Lyons will, the court held that (page 285):

"The power of disposition, if any, in the present case, was only for a special purpose, viz. the support of the widow. If not required for that purpose, there was no power to appropriate the funds to any other."

Similar doctrine was announced in Trustees v. Kellogg, 16 N. Y. 83, and Terry v. Wiggins, 47 N. Y. 512.

The appellants do not claim that the executrix had no power to sell the real estate, provided such sale was necessary to raise money for the widow's support and maintenance, but they contend that the evidence does not show any such necessity, and hence that the will did not authorize a conveyance to the plaintiff for a nominal consideration. This brings us to a consideration of the evidence, for the purpose of ascertaining whether there was any necessity for a sale to provide for the support of the widow. Dennis in his lifetime had a milk business and route. After his death the family generally engaged in and continued the business, but on whose account does not appear. The plaintiff drove the milk wagon, and seems to have been more in charge than any of the others, some of whom also delivered milk in the vicinity of the home, and paid the money collected therefor to the widow. The family lived in the South Broadway property. The plaintiff collected rents of the St. Mary's street property, and received the money for milk delivered by him. What became of this money does not very clearly appear, or whether it was paid over to the widow, except by inference that some one paid off $6,500 on mortgages, but mortgages on which lot does not appear. No income of the estate is proved, except from rent of the St. Mary's street lot, and the milk business. The judgment, however, shows that there is no lien or incumbrance on the St. Mary's street lot. But it is not proved whether there ever was a mortgage thereon. It is a very important factor that the plaintiff was not called as a witness to explain any of these circumstances, and did not call any other witness to explain them. Consequently we are without the facts essential to enable us to reach a just decision. It is manifest, however, that there was no necessity for a sale of the South Broadway property for the purpose named in the will; that is, the support and maintenance of the widow. Money was coming in from the milk business and the rent, which might have been devoted to her support instead of being used in paying off the mortgages. It was not claimed by the plaintiff that the milk business belonged solely to him, or that it was necessary to convey the South Broadway property to him, or to sell it to obtain funds to support the widow. On the contrary, it does appear that the widow had received her support, and had

also saved and expended $1,000 for a monument for her husband. While this manifested a tender and loving regard for the dead, it is inconsistent with the claim that it was necessary to sell even the South Broadway property to raise money for the widow's support. Though the evidence is not sufficient to establish the defendants' allegation that the deed was procured by falsehood, fraud, duress, or undue influence, it is barren of evidence to establish the necessity of a sale. I cannot escape the conviction that it was error to direct a verdict for the plaintiff, and that a new trial should be granted, when the entire facts may and doubtless will be elicited.

The judgment should be reversed, and a new trial granted; costs to abide the final award of costs. All concur; WOODWARD and HIRSCHBERG, JJ., in result.