(91 App. Div. 185.)

BEETSON v. STOOPS et al.

(Supreme Court, Appellate Division, First Department. February 5, 1904.)

1. WILLS—ACCEPTANCE OF DEVISE—EFFECT.

Where a devisee under a will accepts the benefit thereof, he will be bound by the whole contents of the instrument, and must conform to all its provisions, and renounce every right inconsistent therewith.

2. PARTITION—ACTIONS—PROPERTY INVOLVED.

Under Gen. Prac. Rule 65, providing that where several tracts or parcels of land lying within the state are owned by the same persons in common, no separate action for the partition of a part thereof shall be brought without the consent of all the parties interested therein, etc., where plaintiff and defendant were tenants in common in two tracts of real estate in the same city, which descended to them as heirs of their grandparents, an action to partition one of the tracts only could not be maintained.

3. WILLS—PROPERTY ERRONEOUSLY DEVISED—EFFECT.

A will will not be adjudged invalid merely because the testator attempted to devise premises which he held only as tenant by the curtesy, or on the theory that he intended to make an equal distribution of his property among his grandchildren, and that the will, on account of his not owning a portion of the property so devised, could not, under such intention, be effectual.

Appeal from Special Term, New York County.

Action by Catherine M. Beetson against Marie E. Stoops and Frederick W. Beetson, as administrator, etc., impleaded with others. From so much of a judgment in favor of defendant Stoops as adjudged the invalidity of the second paragraph of the will of Andrew Moll, deceased, and as adjudged that the premises attempted to be devised in such paragraph descended to plaintiff and defendant Stoops in equal shares, as testator's heirs at law, and as adjudged that the premises described in the complaint are not the only premises owned by the plaintiff and the defendant Stoops as tenants in common, plaintiff and Frederick W. Beetson, as administrator, appeal. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

John Delahunty, for appellant Catherine M. Beetson.

Henry W. Bookstaver, for appellant Frederick W. Beetson.

Edward Browne, for respondent.

LAUGHLIN, J.   The action is brought for the partition of premises known as 267 West Twenty-Second street, which it is alleged are owned by the plaintiff and defendant Stoops as tenants in common. The legal and record title to the premises was in Katharina Moll, who died intestate on the 28th day of January, 1887, seised thereof, and leaving a husband, Andrew Moll, her surviving.   The plaintiff and defendant Stoops are sisters and the grandchildren and only heirs of Katharina and Andrew Moll.   Andrew Moll· died on the 4th day of February, 1902, seised of premises known as 177 Seventh avenue.   He left a last will and testament, executed on the 15th day of February, 1900.   His personal property was barely sufficient to pay his debts. By the second clause or paragraph of the will he devised the Seventh avenue premises to the plaintiff, and by the third he devised the Twenty-Second street premises, of which he was only tenant by the curtesy, according to the legal and record title, to the defendant Stoops.   In the fourth clause of the will be expressed a wish that each grandchild should retain the premises therein devised to her until she attained the age of 26 years; and by the fifth clause he devised the rest, residue, and remainder of his property to his two grandchildren, share and share alike; and provided in the sixth that in the event of the death of either the other should take her share.   It appears by parol testimony introduced on the trial of the issues of fact that the testator knew that the Twenty-Second street premises belonged to his wife in her lifetime.   There is also evidence indicating that he knew that he did not have complete title thereto after her death.   But, on the other hand, it appears that he paid off a $5,000 mortgage on the premises, made extensive improvements thereon, and at one time offered them for sale as his own.   The legal title to the Twenty-Second street premises descended to the plaintiff and defendant Stoops as heirs of their grandmother, and they became tenants in common thereof, subject to the life estate of the testator.   In these circumstances it is clear that the plaintiff and the defendant Stoops are now either tenants in common of both tracts, or that the latter is the equitable owner of the Twenty-Second street premises; and therefore in no event can this action be maintained if properly defended.   Whether the parties are tenants in common of the two parcels, or whether the plaintiff owns the one and the defendant Stoops the other, depends upon the validity of the will, and, if valid, whether the plaintiff has elected to take the Seventh avenue premises thereunder.   Although the testator had no title to the Twenty-Second street premises which survived his death, and at the time he made his will the remainder after his life estate was vested in his grandchildren as the heirs at law of their grandmother, yet it is manifest that he intended to divide his property equally between his grandchildren; and for the purpose of effectuating such intention he devised the parcel which he owned to the plaintiff and the parcel of which he was the tenant by the curtesy to the defendant Stoops. That such was his intention is manifest from the will alone, but it is further shown by evidence that the respective parcels were of equal value, and that the testator had repeatedly declared his intention to leave his property to his two grandchildren in equal shares.   The plaintiff, of course, is not obliged to abandon her title to the Twenty-

Second street premises, and she may refuse to take the other premises under the will, or, in other words, elect to take against the will—that is, to retain her interest in the Twenty-Second street premises—in which event the Seventh avenue premises will descend to her and her sister either under the rest, residue, and remainder clause of the will or as intestate property, and they will become tenants in common thereof, unless the defendant should be permitted to have the Seventh avenue premises sequestrated to compensate her for the interest which the plaintiff refuses to relinquish in the Twenty-Second street premises, which on these particular facts would seem to be unnecessary. In that event they will be tenants in common of both parcels. If, however, the plaintiff has elected or does elect to take the Seventh avenue premises under the will, by so doing she will in equity be held to have made an election by which she will be estopped from claiming any right, title, or interest in the Twenty-Second street premises, for that, manifestly, would be inconsistent with the intention of the testator. The doctrine is well established in our equity jurisprudence, and has frequently been approved by the Court of Appeals, that "one who accepts a benefit under a deed or will must adopt the whole contents of the instrument, conforming to its provisions and renouncing every right inconsistent with it." Story on Eq. Jur. (13th Ed.) §§ 1075–1077, 1082; Havens v. Sackett, 15 N. Y. 365; Chipman v. Montgomery, 63 N. Y. 221; Haack v. Weicken, 118 N. Y. 67, 23 N. E. 133; Shanley v. Shanley, 22 App. Div. 375, 48 N. Y. Supp. 32; Id., 34 App. Div. 172, 54 N. Y. Supp. 652. The doctrine is peculiarly applicable to this case, and is controlling here.

It is unnecessary to consider defendant's counterclaim, for, if the plaintiff elected to take under the will, since she has an undivided interest in the Twenty-Second street premises, she must relinquish that to the defendant Stoops, and it becomes unnecessary to impress a trust upon or to sequestrate the Seventh avenue premises in favor of the defendant Stoops, as might otherwise be done. Story on Eq. Juris. (13th Ed.) § 1083; Havens v. Sackett, supra, and other cases cited.

An action for partition will only lie where the parties are tenants in common, and it must embrace all the lands possessed by them in common. Rule 65, Gen. Rules Prac.; Matter of Moore, 108 N. Y. 280, 15 N. E. 369; Lyons v. Shannahan, 64 App. Div. 264, 72 N. Y. Supp. 72; Crossman v. Wyckoff, 32 App. Div. 32, 52 N. Y. Supp. 314; Sanford v. Goodell, 82 Hun, 369, 31 N. Y. Supp. 490. It is evident, therefore, that the action cannot properly be maintained, for it relates only to the Twenty-Second street premises, which belong to the defendant Stoops if the will be valid and the plaintiff have elected or do elect to take the Seventh avenue premises under it; and, if invalid, or if she have not so elected or do not, then the parties own other lands in common. The case, however, was tried upon an erroneous theory. The complaint alleged the descent of the Twenty-Second street premises to the plaintiff and the defendant Stoops as heirs of their grandmother; and it also set forth the will of the grandfather, and prayed that it be adjudged, in addition to the partition, that he had no title, and no right to devise the same. It thus appears that the plaintiff demanded an adjudication as to the

validity of the will in so far as it relates to the Twenty-Second street premises. The defendant Stoops in his answer denied tenancy in common of the Twenty-Second street premises, and denied that the parties own no other lands in common, and pleaded by way of a separate defense that the provisions of the will devising these parcels of land and the remainder were invalid for indefiniteness and uncertainty, in that the testator devised the Seventh avenue premises to the plaintiff and the Twenty-Second street premises to her in the belief that he had title to the latter, and that he intended to devise his property to his two grandchildren in equal shares; and she counterclaimed her undivided interest in the Seventh avenue premises against the plaintiff's undivided interest in the Twenty-Second street premises, and averred that the action does not embrace all the lands of which the parties are tenants in common. Her demand for judgment is that the complaint be dismissed, that the will be adjudged void, and that she be adjudged the owner of an undivided half of the Seventh avenue premises as the heir of her grandfather, and that a receiver of said premises be appointed, and the plaintiff restrained from selling or conveying the same. The plaintiff replied, putting in issue the allegations of the alleged separate defense and counterclaim with reference to the invalidity of the will as to the Seventh avenue premises.

Upon the trial evidence was given in behalf of the defendant Stoops which she claimed tended to show that the testator in making the will labored under a mistake of fact, in that he supposed that he owned the Twenty-Second street premises. This was the only question that was submitted to the jury, and they found in the affirmative. Her counsel also, in moving to dismiss the complaint at the close of the plaintiff's case and of the evidence, contended that the plaintiff had elected to take under the will, or should be required to so elect, and that, therefore, she had no interest in the premises described in the complaint, and could not maintain this action. Her exception to the denial of this motion appears in the record, notwithstanding the fact that she does not appeal. Upon the finding of the jury the court at Special Term directed judgment, among other things, adjudging that the second clause or paragraph of the will devising the Seventh avenue premises to the plaintiff was invalid; that the testator had no power to devise the Twenty-Second street premises; that the plaintiff and the defendant Stoops are tenants in common of both tracts; and that, the premises described in the complaint not being the only premises of which the parties are tenants in common, the complaint should be dismissed. The facts pleaded by the defendant did not constitute a counterclaim, but they constitute a defense to the action, the point being that the action could not be maintained if the parties were tenants in common of other premises. The validity of the will could be litigated in this action, as could also the question whether the plaintiff had elected to take under the will if valid, inasmuch as, if the will were invalid, or the plaintiff had elected to take thereunder, the action could not be maintained for reasons already stated. It is doubtful, however, whether the defendant Stoops could take advantage of the facts indicating an election on the

part of the plaintiff to take under the will, for that defense is not set up in her answer. The answer was not amended in that regard. Nor can it be said that the case was tried upon that theory; so that it may be deemed amended by consent. The defendant did not ask for any affirmative relief, as that it be adjudged that the plaintiff be compelled to execute a conveyance of her right, title, and interest in the Twenty-Second street premises to the defendant, or adjudged to have no such right, title, or interest on account of an election to take the Seventh avenue premises under the will; and therefore the question as to whether such relief, if demanded, might have been awarded in this action, is not presented for decision. The most favorable view of the answer to the defendant is that it set up a defense to the action; but in no view did it set up matters which would entitle the defendant to affirmative relief.

The judgment cannot be sustained on the theory on which the action was tried. There is no authority for adjudging the will invalid merely because the testator attempted to devise premises to which he had no title, or upon the theory that he intended to make an equal distribution of his property between his grandchildren, and that the will, on account of his not owning the. Twenty-Second street premises, cannot, under such intention, be effectual. Matter of Forbes' Will, 60 Hun, 171, 14 N. Y. Supp. 460; Van Beuren v. Dash, 30 N. Y. 393; Clapp v. Fullerton, 34 N. Y. 190, 90 Am. Dec. 681; Matter of Bedlow, 67 Hun, 408, 22 N. Y. Supp. 290; Buchanan v. Belsey, 65 App. Div. 58, 72 N. Y. Supp. 601. If the provisions of the judgment from which the appeal is taken be stricken out, and the dismissal of the complaint be sustained a gross injustice will result, for the other provisions of the judgment not appealed from adjudge the invalidity of the devise of the Twenty-Second street premises to the defendant Stoops.

The plaintiff, although also appealing from that part of the judgment which directs a dismissal of the complaint, does not here ask for a new trial, but merely that judgment be directed in her favor for a partition of the premises. If that relief were awarded, she could still claim the Seventh avenue premises under the will.

Justice therefore requires that the judgment should be reversed, and a new trial granted, with costs to appellant to abide the event, to the end that the case may be properly tried, and the rights of both parties finally determined.

PATTERSON and HATCH, JJ., concur in result.

INGRAHAM, J. I concur in the result. That the plaintiff and the defendant owned the property in question as tenants in common, having had a vested remainder subject to a life estate of Andrew Moll, which became vested in possession upon his death, is not disputed; and I know of no principle upon which her title can be divested by any will that Andrew Moll could make devising the property to others. She owns an undivided half of the property, which came to her as heir at law of her grandmother. That Andrew Moll had a life estate in the property gave him no right to divest this plain-

tiff of her vested remainder, or to prevent the title to the property vesting in her upon his death. Andrew Moll, by his will, left to this plaintiff another house, to which, under that will, she claims title. That will has been duly admitted to probate. No attack has been made upon it, and so long as that will stands as the admitted last will and testament of the testator I know of no principle by which a person to whom the testator devised a piece of real property can be divested of that property upon the ground that by the will the testator intended to give to another person a piece of property over which he did not have the power of disposition. It is undoubtedly true that this plaintiff cannot accept a bequest or devise under this will, and at the same time claim that the will is invalid; but this rule has no application to this case, as the devise of the piece of property to the plaintiff contained in the will is not at all dependent upon or a part of the devise of the property of which the plaintiff was the owner of an undivided half. Adopting the whole contents of the will, this cannot, in effect, divest the plaintiff of her interest in the property which she owned when the will was made. Whatever right the testator had in the property involved in this action was devised to the defendant. If he had no right, the defendant got nothing. But that provision of the will cannot affect the plaintiff's title to the property which under the will was vested in her.

I think that the judgment should be reversed upon the ground that the plaintiff was entitled to judgment as prayed for in the complaint.

VAN BRUNT, P. J., concurs.