BENJAMIN BERNSTEIN, Respondent, *v.* ANNIE BERNSTEIN (Wife of BENJAMIN BERNSTEIN) and HARRY BERNSTEIN, Respondents, Impleaded with MARY BERNSTEIN (Wife of HARRY BERNSTEIN), Appellant.

First Department, June 13, 1919.

Partition — defense — mental incompetency of defendant — action by court where defendant alleged to be mentally incompetent — jurisdiction of Supreme Court over mental incompetents — appointment of person to protect rights — nature of order — purchaser at partition sale — title acquired where incompetent defendant's rights not protected.

It is no defense to an action to partition real property that one of the owners thereof is of unsound mind.

But an allegation in an answer in a partition action that one of the parties is of unsound mind, discloses a condition that requires judicial investigation before proceeding to the reference to take proof of title, etc.

The Supreme Court has succeeded to the jurisdiction of the Court of Chancery over the person and estate of infants, idiots and lunatics, and exercises that power under the same rules as pertained to and regulated the jurisdiction of the chancellor, subject to such statutory provisions as are contained in the Code of Civil Procedure.

Where in an action to partition real property it is made to appear that one of the parties defendant is mentally incapable adequately to protect his rights, the court should order a copy of the summons to be delivered to a person designated in the order to act for the incompetent.

The order making the appointment should empower the one appointed to look after the interests of such defendant at every stage of the action.

A purchaser at a sale in a partition action wherein one of the defendants was alleged to be incompetent and no order was made appointing some person to protect his interest, would get a defeasible title, if it should subsequently be established, as a matter of fact, that at the time of the institution of the proceedings such defendant was mentally incompetent.

All possible questions should be resolved in a partition action so that the purchaser may obtain a marketable title if a judicial sale be made.

APPEAL by the defendant, Mary Bernstein, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 5th day of March, 1919, appointing a referee herein.

*Edward H. Burger* of counsel [*Burger & Burger*, attorneys], for the appellant.

*Jesse E. Raphael* of counsel [*Leo Schafran*, attorney], for the plaintiff, respondent.

PAGE, J.:

The action is for partition of two certain parcels of real estate situate in the county of New York, owned by Benjamin Bernstein and Harry Bernstein as tenants in common. The appellant Mary Bernstein is the wife of Harry Bernstein and is made a party defendant because entitled to an inchoate right of dower in Harry Bernstein's undivided half of said property.

The complaint, after setting forth the description of the properties and the rights and interests of the parties therein, alleges:

" *Sixth.* That the said parcels of real property hereinabove described, are so situate and so circumstanced, that a partition thereof among the parties entitled thereto according to their respective rights and interests cannot be made without great prejudice to the owners thereof.

" *Seventh.* That all the parties to this action are of full age and sound mind."

The defendant Mary Bernstein in her answer denies the allegations contained in the sixth and seventh paragraphs of the complaint, and sets up as a defense: " That the defendant Harry Bernstein, husband of the defendant Mary Bernstein, is of unsound mind and is mentally incompetent."

The attorney for the plaintiff, claiming that this answer raised no issue, applied to the court as on a default in pleading, and was granted an order appointing a referee " to take proof of the title and the interests of the several parties in the premises described in the complaint herein, and to ascertain and report what share or part of the premises belongs to each of the parties to this action, so far as the same can be ascertained, and the nature and extent of their respective rights and interests therein, and an abstract of the conveyances by which the same are held, and also to enquire and report whether the property or any part thereof is so circum-

stanced, that an actual partition thereof cannot be made without great injury and prejudice to the owners thereof, and if he arrive at the conclusion that a sale of said premises is necessary, then to specify the same in his report, together with the reasons which render a sale necessary."

The order also provided that the reference under sections 1561 and 1562 of the Code of Civil Procedure be dispensed with.

The alleged defense in the answer of Mary Bernstein does not state facts sufficient to constitute a defense. An action for partition may be maintained where one of the tenants in common is a person of unsound mind. That fact may make it necessary and desirable that the property should be partitioned. Therefore, the allegation in the second defense should be treated merely as an amplification of the denial of the allegation of the complaint that all of the parties to the action were of sound mind. In the affidavit of the plaintiff's attorney, on the motion for the order of reference herein, it is stated " upon information and belief that the defendants herein are all of sound mind and full age." Mary Bernstein, in her affidavit submitted in opposition to the motion, states positively that her husband is of unsound mind and is mentally incompetent, and that she had her husband examined by a doctor from the Harlem Hospital, and that she intended to produce upon the trial a number of witnesses to prove the fact of her husband's insanity.

In my opinion, this answer, while insufficient to raise an issue in the action, disclosed a condition that required judicial investigation before proceeding to the reference. It appeared from the record that there was a substantial claim that the defendant Harry Bernstein, although not an adjudged incompetent, was such as a matter of fact. The Supreme Court has succeeded to the jurisdiction of the Court of Chancery over the person and estate of infants, idiots and lunatics, and exercises that power under the same rules as pertained to and regulated the jurisdiction of the chancellor, subject to such statutory provisions as are contained in the Code of Civil Procedure. (*Matter of Blewitt*, 131 N. Y. 541; *American Mortgage Co. v. Dewey*, 106 App. Div. 389, 391.) Section 427 of the Code of Civil Procedure provides: " If the court has,

in its opinion, reasonable ground to believe, that the defendant, by reason of habitual drunkenness, or for any other cause, is mentally incapable adequately to protect his rights, although not judicially declared to be incompetent to manage his affairs, the court may, in its discretion, with or without an application therefor, and in the defendant's interest, make an order, requiring a copy of the summons to be also delivered in behalf of the defendant, to a person designated in the order, and that service of the summons shall not be deemed complete, until it is so delivered."

The order appointing the person should empower him to look after the interests of such defendant at every stage of the action. (*American Mortgage Co.* v. *Dewey, supra.*) It may be, upon a judicial investigation of the allegations of the wife, the court may decide that Harry Bernstein is not an incompetent; it may then grant the order of reference. As the case stands, the summons and complaint have been served upon him and he has made default; if the case proceeds to judgment of partition and sale, the purchaser would get a defeasible title if it should subsequently be established as a matter of fact that Harry Bernstein was at the time of the institution of this suit mentally incompetent. In any event, with the answer in the judgment roll, there will be notice of a possible defect in the title. Where we are dealing with real estate, all possible questions should be resolved in the action so that the purchaser may obtain a marketable title if a judicial sale be made.

For this reason, the order should be reversed, with ten dollars costs and disbursements, and the matter remitted to the Special Term to take appropriate action in accordance with this opinion.

CLARKE, P. J., LAUGHLIN, DOWLING and MERRELL, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and matter remitted to Special Term for further action in accordance with the opinion.