MITCHEL LEHMAN, Plaintiff, *v.* ALBERT LEHMAN et al., Defendants.

(Supreme Court, Bronx Special Term, October, 1920.)

Pleading — partition — incompetent defendant — demurrer.
General Rules of Practice, rule 65, as amended in 1910 — partition
    — separate action for part of land within state — demurrer
    to defense sustained.

   A demurrer to a defense in an action for partition that one
   of the defendants is an incompetent and that no committee has
   been appointed for him, will be sustained.

Rule 65 of the General Rules of Practice, as amended in 1910, provides that where several tracts or parcels of land lying within this state are owned by the same persons in common, no separate action for a partition of a part thereof shall be maintained without the consent of all parties in interest " or without the special order of the court made on notice to all parties who have appeared in the action to be obtained before application for the relief demanded in the complaint." *Held,* that where it is pleaded as a defense that the property of which partition is sought does not embrace all the lands within the state owned in common by the parties, and that they have not consented to the separate partition of the particular property described in the complaint, a demurrer to said defense will be sustained, it appearing that it is plaintiff's purpose to obtain the special order required by the said court rule.

DEMURRER to affirmative defenses contained in an answer.

Jackson & Brock (Arnold J. Brock, of counsel), for motion.

Max D. Steuer, opposed.

GIEGERICH, J. The plaintiff's demurrer to affirmative defenses set up in the answer is brought on as a litigated motion. The action is brought to partition three parcels of land described in the complaint. The first defense demurred to is that the defendant Albert Lehman is incompetent and that no committee has been appointed for him. It was recently held by the Appellate Division of this department in *Bernstein* v. *Bernstein,* 188 App. Div. 276, that such an allegation does not constitute a defense and that an action in partition may be maintained where one of the tenants in common is a person of unsound mind. The incompetency of one of the defendants imposes upon the court the duty of exercising its power to protect the rights of the

incompetent, as pointed out in the opinion just cited, but such incompetency presents no reason why the property should not be partitioned, but may, on the contrary, make it necessary and desirable that such partition should take place. The second defense demurred to is that the premises of which partition is sought do not embrace all the lands within the state of New York owned in common by the plaintiff and the defendants and that all the parties interested have not given their consent to the separate partition of the particular property described in the complaint and that no order of the court has been obtained to that effect. Rule LXV of the General Rules of Practice provides as follows: " Partition to embrace all lands in common.—Where several tracts or parcels of land lying within this state are owned by the same persons in common, no separate action for the partition of a part thereof shall be maintained without the consent of all the parties interested therein; or without the special order of the court made on notice to all parties who have appeared in the action, to be obtained before application for the relief demanded in the complaint; and, if brought without such a consent or order, the share of the plaintiff may be charged with the whole cost of proceeding; and where infants are interested, the complaint shall state whether or not the parties owned any other lands in common." In *Pritchard* v. *Dratt,* 32 Hun, 417, the court discussed this rule and held that the rules of court do not give nor can they take away or abridge a right of action secured to a party by the common or statutory law of the land, and that as there was no provision in the statute relative to the partition of lands among tenants in common, which requires that all the lands owned by the parties to the action as joint tenants or tenants in common shall be embraced in one suit, it was beyond the power

of the court to deprive a party of the right so conferred upon him by statute. In *Beetson* v. *Stoops,* 91 App. Div. 185, the contrary view obtained, however, and it was held that an action for partition will only lie where it embraces all the lands possessed by the parties as tenants in common, citing, among other cases, *Matter of Moore,* 108 N. Y. 280, which held that rules of court made under special statutory authority have the force and effect of statutes. The decisions above referred to were made, however, before Rule LXV was amended in 1910. On September 1, 1910, the words " or without the special order of the court, made on notice to all parties who have appeared in the action, to be obtained before application for the relief demanded in the complaint " went into effect by amendment. I think it quite plain that the prohibition of the rule can no longer be regarded as absolute and that it is contemplated that an action embracing only part of the lands may be instituted and maintained, the only requirement being, in the absence of consent, that before application for the relief demanded in the complaint a special order of the court must be obtained on notice to all parties who have appeared in the action. In order that the plaintiff may obtain the relief he seeks such an order must be obtained, and it is stated on his behalf that the purpose is to obtain such an order. The motion to sustain the demurrer should, therefore, be granted, with ten dollars costs.

Motion granted, with ten dollars costs.