THE RUDOLPH WURLITZER COMPANY, Plaintiff, *v.* WALDO J. WILLIAMS, Defendant.

Supreme Court, Ontario Trial Term, October 8, 1924.

Process — service of summons upon defendant confined in police station cell for insanity in action for possession of chattel — defendant never judicially declared to be incompetent — court has power to require service of summons upon designated person where it has reason to believe defendant is " mentally incapable " pursuant to Civil Practice Act, § 226 — service improper and motion to continue action against estate of deceased defendant denied — proper practice is to apply to court for order designating some person upon whom summons can be served — summons also must be delivered to defendant.

The court has power, pursuant to section 226 of the Civil Practice Act, to require a summons to be served upon a designated person, when it has reason to believe that the defendant is " mentally incapable " although he has not been judicially declared to be so, and the person so designated should represent the incompetent and direct his interests.

Accordingly, plaintiff's motion to continue an action to recover possession of a chattel against the administrator of the estate of the deceased defendant will be denied, the service of the summons set aside and a requisition to replevy vacated, where it appears that the summons and complaint in the action were served upon the defendant while confined in a police station cell because of his violent insanity, although he had never been judicially declared incompetent, and where it was clear that the defendant, who died the day after service was made upon him, did not have sufficient mental capacity to understand the meaning or effect of the papers left with him, since it was incumbent upon the plaintiff to serve some other person designated by the court.

The proper practice in such cases is to apply to the court for an order designating some person upon whom the summons and complaint may be served, but the service is not complete unless there is a delivery of the summons to the defendant personally.

MOTION by the plaintiff to continue the action against the administrator of the estate of the deceased defendant.

*William S. Moore,* for the plaintiff.

*Lapham, McGreevy & Ryan* (*James M. Ryan,* of counsel), for the defendant.

CUNNINGHAM, J. This action is brought to recover possession of a chattel sold to the defendant upon a conditional contract of sale. The purchase price was $1,600, $45 remaining unpaid thereon.

The summons and complaint were served upon the defendant in a cell in the Geneva police station where he had been taken because of his violent insanity, although he had never been judicially declared to be incompetent. He died the next day in the Willard State Hospital. The plaintiff now seeks to continue this action against the administrator of the estate of the deceased defendant.

The court has power to require the summons to be served upon a designated person when it has reason to believe that the defendant is " mentally incapable," although he has not been judicially declared to be so. Civ. Pr. Act, § 226.

The person so designated shall represent the incompetent and protect his interests. *American Mortgage Co.* v. *Dewey,* 106 App. Div. 389.

It cannot be believed that it was the intention of the legislature, when enacting the Civil Practice Act, to permit an action to be commenced against an incompetent merely by leaving a summons with him. The decedent did not have sufficient mental capacity to understand the meaning or effect of the papers left with him or to take steps to settle or defend the action. Certainly, under these circumstances, it was incumbent upon the court to require the summons to be served upon some other person before the service became complete and jurisdiction of the defendant acquired.

The proper practice in such cases is to apply to the court for

an order designating some person upon whom the summons shall be served. Without such an order and compliance therewith, and without also delivering the summons to the defendant personally, the service of the summons is not complete. *O'Brien* v. *O'Brien,* 38 N. Y. Supp. 157; *American Mortgage Co.* v. *Dewey, supra; Bernstein* v. *Bernstein,* 188 App. Div. 276.

The motion is denied, the service of the summons is set aside and the requisition to replevy is vacated, with ten dollars costs.

Ordered accordingly.